IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR No. 11-240 |
| | ) CV No. 15-839 |
| ALBERT ANIN | ) |

**OPINION AND ORDER**

**SYNOPSIS**

In this matter, on January 7, 2013, a jury convicted Defendant of one count of conspiring to distribute heroin, in violation of 21 U.S.C. § 846. On December 17, 2012, he was sentenced to a term of imprisonment of 130 months. On appeal, by Opinion dated October 10, 2013, the United States Court of Appeals for the Third Circuit affirmed his conviction, and his petition for certiorari was denied on January 13, 2014. Subsequently, pursuant to 18 U.S.C. § 3582, Defendant's sentence was reduced to 121 months.[1] Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, in which he contends that counsel was ineffective in various ways relating to plea negotiations and trial. For the following reasons, Defendant's Motion will be denied, and no certificate of appealability shall issue.

**OPINION**

**I.    APPLICABLE STANDARDS**

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A

---

[1] This matter was transferred to my docket from Judge Cercone on November 30, 2016.

1

district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Pro se pleadings, such as Defendant's, are to be liberally construed. Higgs v. AG of the United States, 655 F.3d 333, 339 (3d Cir. 2011). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

## II.   DEFENDANT'S MOTION

### A. Timeliness

As a threshold matter, the Government challenges the timeliness of Defendant's Motion. Pertinent here, Section 2255 requires that a habeas petition be filed within one year of the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). Direct review becomes final, if a petition for certiorari was filed, on the date that certiorari was denied. Upsher v. Warden Burns, 2010 U.S. Dist. LEXIS 137879, at *5 (W.D. Pa. Nov. 18, 2010). Here, the Supreme Court denied certiorari on January 13, 2014. Defendant filed the instant Motion on June 18, 2015, outside of the one-year limitations period.

Defendant, however, argues that the time limitation should be tolled. He argues that he diligently worked to protect his rights, by repeatedly requesting from counsel reimbursement of certain funds, along with his legal file; he also requested that the Court direct counsel to provide his file.[2] The latest of his these requests was made on December 16, 2014. On December 23, 2014, Defendant filed his Motion pursuant to Amendment 782, which the Court granted. Subsequently, Defendant avers that he received his legal file in February, 2015, which finally allowed him to prepare and file the instant Motion.

Equitable tolling is only appropriate where "principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dep't of Corrections, 145

---

[2] I accept Defendant's representation, but note that no such request appears on the docket.

F.3d 616, 618 (3d Cir. 1998) (citation omitted). Equitable tolling may be found when: (1) the respondent has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) the petitioner has timely asserted his rights but in the wrong forum. United States v. Boyd, 2009 U.S. Dist. LEXIS 4356, at **6-7 (W.D. Pa. Jan. 20, 2009). To invoke equitable tolling, in addition to showing "extraordinary circumstances" that prevented a timely motion, a defendant must show that he exercised reasonable diligence in investigating and bringing his claims. Miller, 145 F.3d at 618-19. Thus, excusable neglect is not sufficient. Id. Equitable tolling is a remedy that should be invoked sparingly. United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998).

Accepting all of Defendant's factual averments as true, this case does not present the type of situation in which tolling is justified. Defendant does not contend that the Government misled him in any way pertinent to the timing of his Motion; nor does he contend that he timely asserted his rights in a different forum. Defendant's inability to obtain his legal file until February, 2015, was an extraordinary circumstance that prevented him from asserting his rights in this Court prior to the expiration of the limitations period. "[A]n attorney's failure to ensure a defendant has received his case files is a far cry from a 'rare and exceptional circumstance'" of the type that justifies equitable tolling. Vera v. United States, 2013 U.S. Dist. LEXIS 144800, at *14 (N.D. Tex. Aug. 15, 2013).

The lack of access to legal materials certainly can, in some situations, justify tolling; moreover, my conclusion today does not excuse an attorney's failure to transmit a defendant's legal files when asked to do so. In this case, however, tolling is not justified. Each ground of ineffectiveness that Defendant asserts is based on his personal knowledge, held long before he received his file. The asserted grounds, in other words, are not reliant in any way on Defendant's

3

access to his file. Defendant does not suggest how, under the circumstances, his lack of access hindered his filing or preparation of the instant Motion, or his access to the Court. Indeed, Defendant was able to file a pro se Section 3582 dated December 23, 2014, which was docketed on January 5, 2015, without access to his case file and prior to the expiration of the Section 2255 time period. There is no reason to believe that his habeas arguments could not also have been raised during that time frame. Further, the letters Defendant attaches to his Motion indicate that he was well aware of applicable time constraints: By letter dated May 14, 2014, he stated to counsel, "At this time, the clock is running for me to file a collateral attack and I require the files that you possess [which I am entitled to] in order to evaluate and possibly file a 28 USC § 2255." "[T]here is a difference between the time for discovering the factual predicate of a claim (which may warrant equitable tolling) and 'the time permitted for gathering evidence in support of that claim' (which will not warrant equitable tolling)." Vera, 2013 U.S. Dist. LEXIS 144800, at **14-15. Here, equitable tolling is not warranted.

### B. Ineffective Assistance of Counsel

Even if I were to consider the merits of Defendant's Motion, he would not prevail. Defendant argues that his counsel was ineffective for spending only three hours with him and thus allowing for little or no input from Defendant. He also avers that he was not advised of the implications of a plea bargain, and was forced into a trial. Further, Defendant avers that against his wishes, he did not testify in his own defense. For present purposes, I accept the veracity of Defendant's factual averments.[3]

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the

---

[3] Defendant did, in fact, testify at his trial on April 12, 2012. Thus, the nature of his present challenge is unclear. I accept that some aspect of Defendant's testimony at trial, or a decision regarding his testimony, went against his wishes.

4

deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "It is...only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989).

Here, each of Defendant's allegations fails to satisfy one prong of Strickland or the other, or both. For example, he does not indicate that the Government made a plea offer that he would have accepted had counsel acted differently; absent a plea offer, counsel cannot have acted ineffectively with regard to that plea offer, and prejudice cannot inhere. Further, there are no grounds for concluding that there is a reasonable probability that Defendant's testimony, or lack thereof, caused him the prejudice contemplated by applicable standards. Defendant's allegation that some circumstance surrounding his testimony went "against his wishes" provides insufficient basis for relief, as it does not permit the conclusion that a difference in his testimony or decision to testify would have affected the outcome of trial, or that counsel's conduct was

somehow deficient in that regard.[4] Indeed, our Court of Appeals rejected Defendant's claim based on insufficiency of the evidence, and in so doing referred solely to evidence other than Defendant's testimony. Finally, there is no suggestion that the outcome would have changed had counsel spent additional time with Defendant. In sum, Defendant cannot meet the requirements of Strickland.

### III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Moreover, when a district court denies a§ 2255 motion on a procedural ground, without reaching the underlying constitutional claim, a certificate of appealability should issue only if (1) "jurists of reason" would find the district court's procedural ruling debatable, and (2) the petition states a valid claim that constitutional rights were denied. See Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). For the reasons stated supra, Defendant has not made the required showing, and jurists of reason would not find today's timeliness ruling debatable. Therefore, a certificate of appealability will not issue.

### CONCLUSION

In conclusion, Defendant's Motion to Vacate will be denied, and no certificate of appealability shall issue. An appropriate Order follows.

---

[4] I note that defense counsel's strong advice that a defendant testify, or not testify, does not support Section 2255 relief. Singleton v. United States, 134 F. Supp. 3d 807, 812 (D. Del. 2015).

# ORDER

AND NOW, this 23 day of February, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that the Defendant's Motion to Vacate is DENIED, and no certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court